No. 45651.—Petition 5531–R of Union Brokerage Co., Inc. (Pembina).

KEEFE, Judge: The petitioner here prays for the remission of additional duties assessed for undervaluation on entry upon certain bulk refuse screenings imported from Moose Jaw, Canada. The facts as shown by the entry papers and the evidence at the trial are substantially as follows:

The Robin Hood Mills, Ltd., sold to J. A. Forrest & Co. of Minneapolis, 24½ tons of refuse screenings at a price of 18.4 cents per ton, f. o. b. Moose Jaw, equal to $7 per ton f. o. b. Minneapolis; that the goods were sold on July 2, 1936, and exported from Canada on July 13, 1936; and that between the date of purchase and the date of exportation, by reason of a drought, the price of such screenings had advanced to $7.65 per ton, f. o. b. Moose Jaw.

The screenings were entered at Portal, N. Dak., on July 13, 1936, at the consular invoice price of 18.4 cents per ton. The invoice papers indicate that upon the same date, July 13, 1936, the examiner advanced the value to $7.65 per ton, and on September 16, 1936, the appraiser approved the value so found.

The broker making the entry testified that this was the first time he had handled such a product and that, because of the low price stated, upon making the entry he consulted with the examiner relative to the value and that the examiner also was of the opinion that the price was too low but was unable to supply any information as to the proper value. He further testified that in preparing the consular invoice it was the custom of the shipper to indicate at the foot of the invoice the value of the merchandise prevailing upon the date of shipment but that the clerk who prepared the papers inadvertently omitted the notation and, being unable to obtain any information from the appraiser as to the value of the merchandise, he filed the entry at the invoice price.

The shipper's clerk by deposition testified that he had discovered he had omitted to indicate the value on the consular invoice on the date of shipment and that he prepared a new set of consular invoices showing the price at the bottom thereof of $7.65 per ton, c. i. f. Moose Jaw.

It was further established that the corrected consular invoice was sent to the broker who placed the same in the hands of the customs officials on August 21, 1936, and attempted to amend the entry. However, the amendment was refused upon the theory that the entry had come under the observation of the appraiser.

Inasmuch as the testimony establishes that the broker consulted the examiner upon the date of entry as to the value and was unable to obtain any information, we are convinced that the examiner did not know the value of the merchandise until he received the corrected invoice upon August 21, 1936. The appraiser in approving the report of the examiner on September 16, 1936, thereby fixed the

time the merchandise came under the observation of the appraiser. Therefore, when the broker asked for the right to amend his entry, the examiner had not actually made his return of value and the entry had not come under the observation of the appraiser for his approval. In such circumstances we are of the opinion that the application to amend the entry should have been granted.

In the case of *MacMillan Co.* v. *United States*, 11 Ct. Cust. Appls. 466, T. D. 39536, our appellate court held in respect to the time merchandise comes under the observation of the appraiser as follows:

\* \* \* The observation and judgment of the examiner and assistant appraiser do not, however, become the observation and judgment of the appraiser until he approves their reports.

We are of the opinion that due diligence was established by the petitioner of his endeavor to enter the merchandise at the proper value, and we are convinced that there was no intention to conceal or misrepresent the facts, to deceive the appraiser as to the value of the merchandise, or to defraud the revenue of the United States. The petition is therefore granted.